# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALICIA NICOLE BRINSON,**

**Plaintiff,**

v.                                                              Case No:  6:18-cv-1705-Orl-28DCI

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

## REPORT AND RECOMMENDATION

Alicia Nicole Brinson (Claimant) appeals the Commissioner of Social Security's final decision denying her application for supplemental security income. Doc. 1. Claimant argues that: 1) the Administrative Law Judge (ALJ) erred by failing to fully and fairly develop the record in this case (Doc. 15 at 10); and 2) that the Appeals Council erred by failing to apply the correct legal standard when considering new evidence submitted in support of Claimant's request for review. *Id.* at 15. Claimant requests that the Court remand the case for further administrative proceedings. *Id.* at 20. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

I.  **PROCEDURAL HISTORY**

On November 6, 2015, Claimant filed an application for supplemental security income. R. 10. This application was denied initially on January 5, 2016 and again upon reconsideration on February 12, 2016. R. 10. On February 19, 2016, Claimant filed a written request for a hearing. R. 10. On September 6, 2017, Claimant and Claimant's Mother, Lisa Mitchell, appeared and testified at the hearing. R. 10. On October 30, 2017, the ALJ found that Claimant was not disabled

within the meaning of the Social Security Act from November 6, 2015 through the date of the decision.  R. 20.  Claimant requested that the Appeals Council review the ALJ's decision and submitted one document to the Appeals Council as additional evidence.  R. 1-6.  The Appeals Council found no basis for changing the ALJ's decision and denied Claimant's request for review on August 9, 2018.  R. 1.  Therefore, the ALJ's decision became the Commissioner's final decision.  This appeal followed.

## II.     THE ALJ'S DECISION

The ALJ issued his final decision deny Claimant's application for supplemental security income on October 30, 2017.  R. 20.  In the decision, the ALJ found that Claimant has the following severe impairments: social anxiety disorder, dependent personality disorder, avoidant personality disorder, and depressive disorder.  R. 12.  However, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of any listed impairment.  R. 12.

The ALJ found that Claimant has the Residual Functional Capacity (RFC) to perform "a full range of work at all exertional levels" but with the following specific limitations:

> [C]ould lift and carry 100 lbs. occasionally and 50 lbs. frequently. She could sit for six hours, stand for up to six hours, and walk for up to six hours. She could push and pull as much as she can lift and carry. She should have no exposure to unprotected heights or moving mechanical parts. She is limited to simple tasks and simple work related decisions. She is limited to no more than occasional interaction with supervisors, and co-workers, and no interaction with the public. Time off task is up to 10% of the 8-hour workday, in addition to normal breaks.

R. 14.  The ALJ also found that Claimant was a "younger individual," as defined in 20 CFR § 416.963, on the date the application was filed; that Claimant had at least a high school education and is able to communicate in English; and that transferability of job skills is not an issue because

Claimant does not have past relevant work.[1]  R. 19.  Based on these findings, and on the vocational expert's testimony at the hearing, the ALJ determined that Claimant is capable of making successful adjustment to work that exists in significant numbers in the national economy.  R. 20.  The ALJ therefore found that Claimant was not disabled from November 6, 2015, the date the application was filed, through the date of the decision.  R. 20.

### III.    STANDARD OF REVIEW

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotations omitted).  The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

---

[1] The ALJ also specifically found that Claimant has not engaged in substantial gainful activity since November 6, 2015.  R. 12.

## IV.   ANALYSIS

For the reasons that follow, the undersigned finds that Claimant has not established that she was prejudiced by the ALJ's failure to require further consultative testing, nor has she established that the Appeals Counsel failed to apply the correct legal standard in considering new evidence submitted in support of Claimant's request for review.  Accordingly, as set forth in the following paragraphs, it is **RECOMMENDED** that the Court reject Claimant's assignments of error.

### A.   Failure to Fully and Fairly Develop the Record

Claimant argues that the ALJ failed to fully and fairly develop the record.  Doc. 15 at 10.  Claimant explains that the consultative examiner, Dr. Trinidad, opined that "'[f]urther in-depth evaluation is needed to rule [out] any neurodevelopmental factors," that ARNP Mahatha "noted [Claimant] required a referral for psychological testing to rule out autism spectrum disorder," and that Claimant's Mother testified that claimant "needed an [in-depth] evaluation."  Doc. 15 at 9-10.  Claimant asserts that she was prejudiced by the ALJ's failure to order further testing[2] because, according to Claimant, this failure rendered the ALJ unable to properly evaluate whether Claimant met or equaled the requirements of Listing 12.02 for Neurocognitive Disorders.[3]  Doc. 15 at 10.

---

[2] The Court notes that Claimant does not distinguish between the testing mentioned by Dr. Trinidad, the testing mentioned by ARNP Mahatha, and the evaluation mentioned by Claimant's Mother.  Claimant quotes the three aforementioned individuals and then states that "[t]he ALJ should have ordered a consultative examination for [Claimant] to undergo neurocognitive testing…"  Doc. 15 at 10.  The Court reads these statements as a limited, implicit argument that such testing would have been responsive the statements made by Dr. Trinidad, ARNP Mahatha, and/or Claimant's Mother.

[3] Claimant also offers the conclusory statement that "the ALJ did not even consider Listing 12.02 in the decision and he specifically noted he considered Listings 12.04, 12.06, and 12.08." R. 10 (internal citations omitted).  To the extent that this statement attempts to raise an argument that the ALJ erred at Step Three of his analysis, the argument is perfunctory and is therefore waived.  *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct.

As an initial matter, Claimant overstates the recommendation made by Dr. Trinidad, who, out of the three recommenders Claimant cites, is the only acceptable medical source. Claimant seems to suggest that Dr. Trinidad's statement that "further in-depth evaluation is needed to rule out neurodevelopmental factors" equates to a recommendation that Claimant be evaluated for a Neurocognitive Disorder as defined under Listing 12.02. *See id.* In fact, Dr. Trinidad's statement appears in the context of a paragraph discussing the unclear etiology of Claimant's symptoms and actually seems to suggest that further testing would be necessary to rule out neurodevelopmental factors as they relate to the cause of Claimant's already existing symptoms.[4] *See* R. 13. In other words, Dr. Trinidad's statements speak to further evaluation to determine the *cause* of the

---

18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")).

[4] Dr. Trinidad's report provides, in pertinent part:

> The etiology of [Claimant's] social anxiety or Phobia as she and her mother call it is unclear. What is clear is that [Claimant] is overly dependent on her mother for speaking or going anywhere and doing other things of which she is physically capable. Although her processing speed appears slow, [Claimant] presents as an individual who is within the average range of intellectual functioning. Her mother however alluded to [Claimant] having social/emotional developmental delays. She presented as if she was much younger than her chronological age and her mother also reported that she does not have any anxiety issues in interacting with children who are preteens (11 or 12). Further in-depth evaluation is needed to rule any neurodevelopmental factors.

R. 13.

functional limitations already identified by Dr. Trinidad (and considered by the ALJ), and not further evaluation to determine the existence of additional functional limitations.[5]

The ALJ has a basic duty[6] to develop a full and fair record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). This duty generally requires the ALJ to gather the claimant's medical records for at least the 12 months preceding the month in which the application was filed, and to order consultative examinations when such examinations are necessary for an informed decision. *See* 20 C.F.R. § 416.912(b)(1). To establish that the ALJ failed to develop a full and fair record, it must be shown that there is an evidentiary gap in the record. *Graham*, 129 F.3d at 1423 (citing *Brown*, 44 F.3d at 934-35). The presence of an evidentiary gap alone is not enough; the evidentiary gap must also result in unfairness or clear prejudice. *Id.* The court will remand the case for further development of the record only after an evidentiary gap and unfairness or clear prejudice are established by the claimant. *Id.*

Here, there was substantial evidence in the record to support the ALJ's decision. In his decision, the ALJ considered the opinions of Claimant's treating and consultative examiners. R. 16-19. The ALJ also considered the subjective complaints of Claimant, the testimony of

---

[5] Claimant also conflates the nature of the three recommendations. One recommendation is for further testing to rule out neurodevelopmental factors, one recommendation is for further testing to rule out autism spectrum disorder, and one recommendation is for general "testing." Each of these three suggestions for testing is distinct, but Claimant appears to argue that all three call for "neurocognitive testing" and thus that all three recommendations suggest that the ALJ should have considered a Neurocognitive Disorder. This argument simply does not follow.

[6] The ALJ's basic duty turns into a "special duty" when the claimant is not represented by an attorney. *See Graham*, 129 F.3d at 1422-23. Here, Claimant was represented by counsel at the hearing. Therefore, the ALJ in this case only had a basic duty to develop a full and fair record. Further, the statements Claimant characterizes as recommendations for further neurocognitive testing all appeared in the record before the ALJ at the hearing and although the ALJ asked both Claimant and counsel whether there was anything additional to discuss before ending the hearing, neither Claimant nor Counsel requested further consultative examination. R. 75.

Claimant's Mother, Lisa Mitchell, and a Third Party Function Report prepared by Ms. Mitchell. *Id.* at 14-18. Considering Claimant's medical and non-medical evidence as a whole, the record was sufficient for the ALJ to make his final decision. Where evidence is sufficient, the ALJ need not require additional consultative examinations. 20 C.F.R. § 404.1250(b).

Based on the sufficiency of Claimant's medical records, the ALJ's failure to require further consultative testing does not create an evidentiary gap in the record. Even if there was an evidentiary gap, Claimant did not establish that any such failure by the ALJ resulted in unfairness or clear prejudice. There is simply no discussion by Claimant about how the ALJ's conclusion that Claimant did not meet the requirements for any listing would have changed had the ALJ ordered further testing; therefore, the challenge is waived. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned).

That being said, while Claimant's mental impairments are somewhat constricting, they do not prevent Claimant from understanding, retaining, and carrying out simple instructions, performing routine tasks, and cooperating with others. R. 12-13. These abilities are further evidenced by Claimant's own testimony that she performs chores, prepares basic meals for herself, goes shopping, reads, uses the internet, spends time with her family, and lives with others. R. 33-60. The ALJ specifically noted: "Although [C]laimant has a mental impairment, it has not precluded her from all work related activities. It is notable that [Claimant] made A's and B's in high school, and successfully attended college." R. 17.

Where evidence is sufficient to allow the ALJ to make an informed decision, the ALJ need not require more evidence. 20 C.F.R. § 404.1250(b). Here, the objective medical evidence and other evidence showed moderate to severe impairments related to "social phobias," but it also consistently established that Claimant has the requisite functioning ability to successfully

participate in school,[7] perform all activities of daily living, answer questions, follow instructions, communicate with both family members and strangers, and complete simple tasks. R. 17-18. Thus, substantial evidence supported the ALJ's conclusions. Consequently, the ALJ's failure to require further testing based on the opinion of two non-medically acceptable sources and one non-treating physician whose recommendation went largely toward determining the potential cause of Claimant's already considered symptoms, in light of the record as a whole, does not amount to an evidentiary gap, much less one resulting in unfairness or clear prejudice. *See, e.g., Graham*, 129 F.3d at 1423 (citing *Brown*, 44 F.3d at 934-35).

### B. Failure of the Appeals Council to Apply the Correct Legal Standards

Claimant also asserts that the Appeals Council failed to apply the correct legal standard when considering the new evidence submitted in support of Claimant's request to review, Dr. Hines's opinion evidence. Doc. 15 at 15. The Commissioner argues that the Appeals Council properly considered the additional evidence and that the Appeals Council made no error when it denied Claimant's request for review. *Id.* at 16.

A claimant is generally permitted to present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council must consider evidence that was not presented to the ALJ when that evidence is new, material, and chronologically relevant. *Id.*; *see* 20 C.F.R. § 404.970(a)(5). A piece of evidence is new if it is not cumulative of other evidence in the record, *see Robinson v. Astrue*, 365 F. App'x 993, 996 (11th Cir. 2010),[8] it is material if "there is a reasonable possibility that the new

---

[7] Claimant is one class short of an Associate of Arts degree. R. 18.

[8] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

evidence would change the administrative outcome," *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987), and it is chronologically relevant if it "relates to the period on or before the date of the [ALJ's] hearing decision," 20 C.F.R. § 404.970(a)(5). The Appeals Council must grant the petition for review if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram*, 496 F.3d at 1261.

The Appeals Council has the discretion to not review the ALJ's decision denying benefits. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015). If the Appeals Council considers new evidence but denies review, the Appeals Council is not required to articulate its reasons for denying review. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784-85 (11th Cir. 2014). If a claimant challenges the Appeals Council's denial, the reviewing court must determine whether the new evidence renders the denial of benefits erroneous. *Id*. at 785 (citing *Ingram*, 496 F.3d at 1262).[9]

Following the ALJ's decision, Claimant submitted a request for review with the Appeals Council. R. 1. In support of Claimant's request for review, Claimant provided one document that did not exist at the time the ALJ rendered his decision, a "Brief Psychological Assessment" (R. 178-180) by Brainard W. Hines, Ph.D., a licensed mental health counselor. R. 4-5. Dr. Hines performed a one-time psychological examination of Claimant on November 9, 2017 and, based on his examination, found that many of Claimant's "non-anxiety related" symptoms are consistent with ADHD and typical of Executive Functioning Disorder. R. 180. Dr.

---

[9] In this case, Claimant did not argue that the new evidence rendered the denial of benefits erroneous. *See* Doc. 15, 13-16. Instead, Claimant's argument focused on whether the Appeals Council failed to apply the correct legal standards when it considered the evidence presented in support of her request for review. *Id*. at 15-16. Therefore, given the limited scope of Claimant's argument, the Court finds it unnecessary to address whether the new evidence renders the denial of benefits erroneous. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (refusing to consider an argument that the claimant failed to raise before the district court).

Hines concluded that "[b]ased on the information available,[10] it appears that [Claimant] is currently unable to work to support herself and is unlikely to do so in the foreseeable future." R. 180.

Upon review of Claimant's request for review, the Appeals Council stated:

You submitted reasons that you disagree with the decision. We considered the reasons and exhibited them on the enclosed Order of the Appeals Council. We found that the reasons do not provide a basis for changing the Administrative Law Judge's decision.

R. 1. Thus, the Appeals Council considered the evidence Claimant presented in support of her request for review, made the evidence a part of the record (R. 178-180), and denied Claimant's request for review. R. 1-6.

Claimant argued that Dr. Hines's Assessment was new, non-cumulative and material evidence and that the Appeals Council failed to apply the correct legal standards in considering that evidence because "[t]he Appeals Council did not make any findings related to this new and material evidence."[11] Doc. 15 at 15.

The Commissioner argued that the Appeals Council was not required to explain why it denied Claimant's request for review and, thus, argued that the Appeals Council committed no legal error in denying Claimant's request for review. *Id*. at 16-17.

---

[10] The Court notes that Dr. Hines did not have any of Claimant's treatment records available to him at the examination. R. 178. Dr. Hines did incorporate information from a "psychosocial assessment provided by Michael lnkhen of SMA Behavioral Health Care" and information provided by Claimant's Mother. R. 178.

[11] Claimant also states, "There was good cause for the failure to submit this evidence to the ALJ as the evidence did not exist at the time of the ALJ's decision. There is a 'reasonable possibility[']  that Dr. Hines' expert medical opinion would change the administrative decision in [Claimant's] case." Doc. 15 at 16. Claimant provides no argument or authority for either of these conclusory statements; thus, any argument these statements seek to raise perfunctory and therefore waived. *See, e.g., Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned).

The Appeals Council considered the new evidence submitted by Claimant and included the evidence in the administrative record. R. 1-6, 178-180. Upon consideration of that evidence, the Appeals Council found that it did "not provide a basis for changing the [ALJ's] decision." R. 1. Contrary to Claimant's argument, the Appeals Council was not required to provide a more detailed explanation of why it denied Claimant's request for review or make a specific finding with regard to the new evidence. *Mitchell*, 771 F.3d at 784-85. Thus, the Appeals Council did not err by failing to provide a more detailed explanation of why it denied Claimant's request for review or by failing to state a specific finding with regard to the new evidence. Therefore, the undersigned finds that the Court should reject Claimant's assignment of error.

V. **CONCLUSION**

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the final decision of the Commissioner; and
2. Direct the Clerk to enter judgment in favor of the Commissioner and against Claimant and close the case.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 30, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy